**Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE**
Clint Bolick (021684)
Jonathan Riches (025712)
Courtney Van Cott (031507)
500 E. Coronado Rd.
Phoenix, Arizona 85004
(602) 462-5000
litigation@goldwaterinstitute.org
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| GOLDWATER INSTITUTE,<br><br>Plaintiff,<br><br>vs.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") for injunctive and other appropriate relief and seeking the disclosure of agency records improperly withheld from Plaintiff Goldwater Institute ("Goldwater Institute") by Defendant United States Health and Human Services ("HHS") and its component United States Food and Drug Administration ("FDA") (collectively, "Defendant").

## Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

4. Plaintiff Goldwater Institute is a public interest non-profit research and policy organization with its principal place of business located in Phoenix, Arizona. It was established in 1988 to focus public attention on matters of public policy and constitutional governance. Among other issues, the Goldwater Institute has advocated for open and transparent government, and has provided extensive research and analysis on the drug approval process in the United States.

5. Defendant HHS is an agency of the Executive Branch of the United States Government within the meaning of 5 U.S.C. § 552(f)(1), and includes component entity FDA.

6. Defendant has possession and control over the records Plaintiff seeks under the FOIA.

**Defendant's Denial of Plaintiff's Request**

7. The FDA has broad regulatory authority to approve the manufacturing, shipment in interstate commerce, and marketing of all new drugs in the United States.

8. Under federal law, manufacturers of new drugs must receive FDA approval prior to the lawful shipment of investigational new drugs across state lines.

9. Under federal law, the FDA must approve investigational new drugs for human use.

10. In order to ship investigational new drugs across state lines, drug manufacturers or other drug sponsors must file and the FDA must approve an Investigational New Drug ("IND") application.

11. In order to administer investigational new drugs to humans, the investigational drug must be the subject of an approved IND application.

12. On August 5, 2014, CNN reported that two American doctors, Kent Brantly and Nancy Writebol, were successfully treated with an experimental drug, ZMapp. Sanjay Gupta and Danielle Dellorto, *Experimental Drug Likely Saved Ebola*

*Patients*, CNN, August 5, 2014 *available at* http://www.cnn.com/2014/08/04/health/experimental-ebola-serum.

13. ZMapp is an investigational drug that has not been approved by the FDA for marketing in the United States.

14. On information and belief, on or about August 7, 2014, ZMapp was not the subject of an approved IND application.

15. On information and belief, on or about August 7, 2014, ZMapp had not been tested on humans in clinical trials.

16. On information and belief, the FDA must approve ZMapp for human use prior to the drug's administration to humans.

17. On information and belief, the FDA must approve the shipment of ZMapp across state lines.

18. By letter dated August 7, 2014, the Goldwater Institute requested "Any and all records that indicate the approval process, deliberations made during that process, and final approval records regarding provision or approval of the drug and serum 'ZMapp' to be administered to Dr. Kent Brantly and Ms. Nancy Writebol, or any other individuals suspected to be infected with the Ebola virus, under the 'compassionate use' process or any other approval process at the FDA." A copy of this letter is attached as **Exhibit 1**.

19. The Goldwater Institute expressly requested records about the FDA's own internal drug approval process, not commercial information.

20. In its FOIA request of August 7, 2014, the Goldwater Institute requested a waiver of fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

21. By letter dated August 18, 2014, the FDA approved the Goldwater Institute's request for a waiver of fees. **Exhibit 2.**

22. By letter dated September 29, 2014, the Goldwater Institute was denied access to the requested information in its entirety on the grounds that it was exempt from disclosure under Exemption 4, 5 U.S.C. § 552(b)(4), an exemption intended to protect

trade secrets and other confidential commercial information.  A copy of this letter is attached as **Exhibit 3**.

23. In its denial letter of September 29, 2014, the FDA identified nine volumes of responsive records that the FDA claimed were exempt from disclosure in their entirety.

24. By letter dated October 23, 2014, the Goldwater Institute appealed the denial of its FOIA request.  A copy of this letter is attached as **Exhibit 4**.

25. By letter dated February 19, 2015, HHS denied the Goldwater Institute's administrative appeal.  A copy of this letter is attached as **Exhibit 5**.

26. In its letter of February 19, 2015, in addition to exemption (b)(4), HHS claimed that the requested records were exempt from disclosure under Exemptions 3, 5, and 6, 5 U.S.C. §§ 552(b)(3), (b)(5), (b)(6).

27. Plaintiff has exhausted the applicable administrative remedies with respect to its FOIA request to Defendant.

## Cause of Action
## (Production Under the FOIA)

28. Plaintiff asserts and incorporates by reference paragraphs 1-27.

29. Plaintiff properly requested records within Defendant's control and possession in accordance with the FOIA.

30. Plaintiff has a right of access to the requested information under the FOIA, and there is no legal basis for Defendant's denial of such access.

31. Defendant has wrongfully withheld the requested records from Plaintiff.

32. Plaintiff exhausted its administrative remedies with regard to the wrongfully withheld records.

## Requested Relief

WHEREFORE, Plaintiff requests this Court:

a. enjoin Defendant from withholding and order Defendant to disclose the requested records in their entireties and make copies available to Plaintiff;

b.  declare that Defendant's failure to disclose the records requested by Plaintiff violates the FOIA;

c.  enter a finding that personnel employed by Defendant acted arbitrarily and capriciously in withholding public records from Plaintiff as provided in 5 U.S.C. § 552(a)(4)(F);

d.  award Plaintiff costs and reasonable attorneys' fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

e.  grant such other and further relief as may deem just and proper.

**RESPECTFULLY SUBMITTED** this 9th day of June, 2015 by:

__/s/ Jonathan Riches_____
Clint Bolick (021684)
Jonathan Riches (025712)
Courtney Van Cott (031507)
**Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE**
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

Document Electronically Filed by ECF this 9th day of June, 2015 to:

/s/ Kris Schlott
Kris Schlott