JOHN S. LEONARDO
United States Attorney
District of Arizona
MICHAEL A. JOHNS
Assistant U.S. Attorney
Arizona State Bar No. 003803
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Telephone: 602-514-7566
Facsimile: 602-514-7760
Email: mike.johns@usdoj.gov
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Goldwater Institute, | CV-15-01055-PHX-SRB |
| Plaintiff, | **ANSWER** |
| vs. | |
| U.S. Department of Health and Human Services, | |
| Defendant. | |

The U.S. Department of Health and Human Services ("Defendant"), by and through counsel, herein answers the Complaint for Injunctive and Declaratory Relief ("Complaint") filed by the Goldwater Institute ("Plaintiff") on June 9, 2015.

1. Paragraph 1 of the Complaint contains Plaintiff's characterizations of its Complaint, to which no response is required. To the extent a response is required, Defendant denies that it and the United States Food and Drug Administration ("FDA") improperly withheld agency records from Plaintiff.

2. Paragraph 2 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant admits that 5 U.S.C. § 552(a)(4)(B) provides district courts with jurisdiction to "enjoin the agency from withholding agency records and to order the production of any agency records improperly

1 withheld from the complainant" but denies that any agency records were improperly withheld from Plaintiff in this matter and denies that the Court has jurisdiction pursuant to 28 U.S.C. § 1331.

3. Paragraph 3 of the Complaint sets forth conclusions of law to which no response is required. To the extent a response is required, Defendant admits that venue lies in this District.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint and, therefore, denies them.

5. With respect to the allegations in paragraph 5 of the Complaint, Defendant admits that it is an agency of the Executive Branch of the United States Government within the meaning of 5 U.S.C. § 552(f)(1), and that FDA is one of its operating divisions.

6. With respect to the allegations in paragraph 6 of the Complaint, Defendant admits that it has possession and control over records that indicate the process for permitting investigational new drugs to be used for treatment under emergency Investigational New Drug applications ("IND" or "INDs"). Defendant can neither admit nor deny the allegations in paragraph 6 to the extent they relate to any other aspect of Plaintiff's request for records because, pursuant to 21 C.F.R. §§ 312.130(b) and 314.430(d)(1), Defendant is prohibited from disclosing whether an emergency IND exists or any information in any IND except in certain circumstances not present in this case.

7. The allegations in paragraph 7 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint and, in any event, set forth conclusions of law as to which no response is required.

8. The allegations in paragraph 8 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint and, in any event, set forth conclusions of law as to which no response is required.

9. The allegations in paragraph 9 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint and, in any event, set forth conclusions of law as to which no response is required.

10. The allegations in paragraph 10 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint and, in any event, set forth conclusions of law as to which no response is required.

11. The allegations in paragraph 11 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint and, in any event, set forth conclusions of law as to which no response is required.

12. The allegations in paragraph 12 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint and, in any event, the referenced CNN report speaks for itself. Defendant respectfully refers the Court to the referenced CNN report for full, complete, and accurate statements of its content.

13. The allegations in paragraph 13 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint. To the extent a response is required, Defendant admits the allegations in paragraph 13 of the Complaint.

14. The allegations in paragraph 14 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint. To the extent a response to these allegations is required, Defendant can neither admit nor deny them because, pursuant to 21 C.F.R. §§ 312.130(b) and 314.430(d)(1), Defendant is prohibited from disclosing any information in an IND except in certain circumstances not present in this case.

15. The allegations in paragraph 15 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint. To the extent a response to these allegations is required, Defendant can neither admit nor deny them because, pursuant to 21 C.F.R. §§ 312.130(b) and 314.430(d)(1), Defendant is prohibited from disclosing any information in an IND except in certain circumstances not present in this case.

16. The allegations in paragraph 16 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint and, in any event, set forth conclusions of law as to which no response is required.

17. The allegations in paragraph 17 of the Complaint are irrelevant to the resolution of the claim set forth in the Complaint and, in any event, set forth conclusions of law as to which no response is required.

18. With respect to the allegations in paragraph 18 of the Complaint, Defendant states that the referenced letter speaks for itself. Defendant respectfully refers the Court to the letter for full, complete, and accurate statements of its content.

19. Paragraph 19 of the Complaint contains Plaintiff's characterizations of its August 7, 2014 letter. Defendant states that the referenced letter speaks for itself. Defendant respectfully refers the Court to the referenced letter for full, complete, and accurate statements of its content.

20. With respect to the allegations in paragraph 20 of the Complaint, Defendant states that the referenced letter speaks for itself. Defendant respectfully refers the Court to the letter for full, complete, and accurate statements of its content.

21. With respect to the allegations in paragraph 21 of the Complaint, Defendant states that the referenced letter speaks for itself. Defendant respectfully refers the Court to the letter for full, complete, and accurate statements of its content.

22. With respect to the allegations in paragraph 22 of the Complaint, Defendant states that the referenced letter speaks for itself. Defendant respectfully refers the Court to the letter for full, complete, and accurate statements of its content. To the extent the allegations in paragraph 22 relate to the purpose of Exemption 4, 5 U.S.C. § 552(b)(4), they set forth conclusions of law as to which no response is required.

23. With respect to the allegations in paragraph 23 of the Complaint, Defendant states that the referenced letter speaks for itself. Defendant respectfully refers the Court to the letter for full, complete, and accurate statements of its content.

24. With respect to the allegations in paragraph 24 of the Complaint, Defendant states that the referenced letter speaks for itself. Defendant respectfully refers the Court to the letter for full, complete, and accurate statements of its content.

25. With respect to the allegations in paragraph 25 of the Complaint, Defendant states that the referenced letter speaks for itself. Defendant respectfully refers the Court to the letter for full, complete, and accurate statements of its content.

26. With respect to the allegations in paragraph 26 of the Complaint, Defendant states that the referenced letter speaks for itself. Defendant respectfully refers the Court to the letter for full, complete, and accurate statements of its content.

27. Paragraph 27 of the Complaint sets forth conclusions of law as to which no response is required. To the extent a response may be deemed required, Defendant admits that Plaintiff has exhausted the applicable administrative remedies.

28. With respect to the allegations in paragraph 28 of the Complaint, Defendant repeats and incorporates its responses to the allegations in paragraphs 1-27 of the Complaint as if fully set forth herein.

29. Paragraph 29 of the Complaint sets forth conclusions of law as to which no response is required.

30. Paragraph 30 of the Complaint sets forth conclusions of law as to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 30 of the Complaint.

31. Defendant denies the allegations in paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint sets forth conclusions of law as to which no response is required. To the extent a response may be deemed required, Defendant admits that Plaintiff has exhausted the applicable administrative remedies.

With respect to Plaintiff's Requested Relief, Defendant denies that Plaintiff is entitled to any of the relief requested.

**DEFENSES**

The Complaint fails to state a claim on which relief can be granted because no agency records have been improperly withheld from Plaintiff.

Wherefore the Defendant requests that the Complaint and action be dismissed, that Plaintiff take nothing thereby, and that Defendant recover its costs and such other relief as the Court may deem appropriate.

Respectfully submitted this 10th day of July, 2015.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*s/Michael A. Johns*
MICHAEL A. JOHNS
Assistant U.S. Attorney

OF COUNSEL:

WILLIAM B. SCHULTZ
General Counsel

ELIZABETH H. DICKINSON
Chief Counsel
Food and Drug Division

PERHAM GORJI
Deputy Chief Counsel, Litigation

LESLIE COHEN
Associate Chief Counsel
United States Department of Health
and Human Services
Office of the General Counsel
Food and Drug Administration
10903 New Hampshire Ave.
WO Bldg. 32, Rm. 4301
Silver Spring, MD  20993
(301) 796-0551

**CERTIFICATE OF SERVICE**

I hereby certify that on July 10, 2015, I filed the foregoing with the Clerk's Office using the ECF system, which electronically transmitted a Notice of Filing to the following registered CM/ECF users:

CLINT BOLICK

JONATHAN RICHES

COURTNEY VAN COTT

_s/Michael A. Johns_
U.S. Attorney's Office